# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2454 | **DATE** | 4/15/11 |
| **CASE TITLE** | Anthony George Adams (#2010-1010121) vs. MAAT Properties, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a federal claim. The case is terminated. Dismissal is without prejudice to pursuing the landlord/tenant dispute in state court. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff is attempting to sue his landlord for wrongfully refusing to return his security deposit.

The court finds that the plaintiff is unable to prepay the filing fee. The plaintiff's motion for leave to proceed *in forma pauperis* is accordingly granted. The plaintiff is assessed an initial partial filing fee of $2.00 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where the plaintiff is confined is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

However, under 28 U.S.C. § 1915(e)(2)(B), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law. The plaintiff must sue his former landlord in state court.

The plaintiff has no tenable claim under the Civil Rights Act. In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Here, the plaintiff has not alleged a violation of his constitutional rights [notwithstanding his references to the Seventh Amendment (which guarantees jury trials in certain civil cases) and the Ninth Amendment (which preserves certain rights even though not specifically mentioned in the U.S. Constitution)]. Nor has he indicated that his landlord and her real estate company are state actors or officials. The court discerns no alternative basis for federal subject matter jurisdiction, such as diversity of citizenship of the parties or implication of another federal statute. The plaintiff's claim belongs in Illinois' Small Claims Court.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. Dismissal is without prejudice to re-raising these claims in the Illinois state court system. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

The court additionally notes that the plaintiff made a material omission on his complaint form. The court's civil rights complaint form instructed the plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)." (Complaint, p. 3, emphasis in original.) The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS. . . . REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." (*Id.*)

Despite the court's admonitions, the plaintiff failed to mention two prior cases that he filed within the past two months, *see Adams v. McGraff*, Case No. 11 C 0948 (N.D. Ill), and *Adams v. Chicago Police Dept.*, Case **(CONTINUED)**

| **STATEMENT (continued)** |
|---|

No. 11 C 2361 (N.D. Ill), both of which are still pending.  The plaintiff's effective "fraud" on the court justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).  In the future, the plaintiff is cautioned to be scrupulously thorough and forthcoming in all court submissions.

      As a final concern, the plaintiff is advised that he is required to provide the court with the original plus a judge's copy of every document filed.  Furthermore, he must include a sufficient number of copies of any new complaints for service on each named defendant.  Henceforth, the plaintiff will be held to the court's basic filing requirements.